IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NEVIN JENKINS, )
)
        Plaintiff, )
)
v. )   Civil Action No. 3:16-CV-751-HEH
)
LOGICMARK, LLC, )
)
        Defendant. )

**MEMORANDUM OPINION**
**(Granting Motion to Dismiss)**

THIS MATTER is before the Court on Defendant LogicMark, LLC's ("Defendant" or "LogicMark") Motion to Dismiss for Failure to State a Claim (ECF No. 7), filed on November 21, 2016.

The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Local Civ. R. 7(J).

For the reasons stated herein, the Court will grant the Motion and will dismiss Plaintiff Nevin Jenkins's ("Plaintiff" or "Jenkins") Complaint without prejudice.

I.    BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true and views all facts in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th

1

Cir. 1993)). At this stage, the Court's analysis is both informed and constrained by the four corners of Plaintiff's Complaint. Unfortunately, Plaintiff's Complaint contains little in the way of facts and instead relies heavily on legal conclusions and naked accusations. Nevertheless, viewed through this lens, the Court determines that the alleged facts are as follows.

Plaintiff is the owner of the entire interest in the four patents at issue in this case: (1) U.S. Patent No. RE41,845, reissued on October 19, 2010, and first issued as U.S. Patent No. 7,231,200 on June 12, 2007; (2) U.S. Patent No. RE41,392, reissued on June 22, 2010, and first issued as U.S. Patent No. 7,315,736 on January 1, 2008; (3) U.S. Patent No. 7,933,579, issued on April 26, 2011; and (4) U.S. Patent No. 8,548,422, issued on October 1, 2013. (Compl. ¶ 8, ECF No. 1.) All four patents teach personal emergency communication systems and have a number of independent method and apparatus claims. (*See id.* ¶¶ 11–16.)

On September 9, 2016, Plaintiff filed a ten-count Complaint against LogicMark,[1] alleging that three of Defendant's products—namely, its "Guardian Alert," "Life Sentry," and "Freedom Alert" systems—infringe his four patents. (*Id.* ¶¶ 20–109.) Plaintiff alleges direct infringement, contributory infringement, inducement of infringement, and

---

[1] On January 23, 2017, Plaintiff filed a Notice of Withdrawal of Count X of the Complaint (ECF No. 28), despite the fact that LogicMark had already filed its Answer (ECF No. 15). *See* Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii) ("[T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal *before* the opposing party serves either an answer or a motion for summary judgment; or . . . a stipulation of dismissal signed by all parties who have appeared." (emphasis added)). Since Plaintiff cannot unilaterally withdraw a portion of his Complaint at this stage of litigation, the Court will consider Count X in this Memorandum Opinion.

2

willful infringement. (*Id.*) Jenkins provides a number of "exemplary" claims from each of the four patents-in-suit to support his assertions. (*See id.* ¶¶ 11–16.)

Each allegation describes one of the three accused products, stating that it "provide[s] a personal emergency communication system, including a user-carried portable communication unit with a button which, when depressed by the user, sends a call request signal to a base unit, and provide[s] a base unit that initiates a telephone call through a dial-up network to an emergency responder in wireless voice communication with the portable unit when the call is connected, and ultimately provides user access to a[n] emergency responder." (*Id.* ¶¶ 17–19.) With reference to the "Life Sentry" system, the Complaint further adds that it "provides placement of a voice communication with an operator at the emergency center in wireless voice communication with the portable unit when the call is connected, wherein a program is used to set up the system to a selected one of a central monitoring station and a 911 operator and wherein the units are programmable selectively by phone, voice or computer." (*Id.* ¶ 18.)

These two passages represent the full extent to which Plaintiff attempts to plead facts alleging infringement of "*one or more of the claims* of the [asserted] patent[s]." (*Id.* ¶¶ 20, 29, 38, 47, 56, 65, 74, 83, 92, and 101 (emphasis added).) Plaintiff makes no effort in his Complaint to specify which claims are allegedly infringed or how they are infringed.

## II. LEGAL STANDARD

The analytical framework for reviewing motions to dismiss for failure to state a

3

claim is well settled in both the Fourth and Federal Circuits.[2] "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" to one that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570.

In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] The Federal Circuit applies its own law with respect to issues of substantive patent law and procedural issues pertaining to patent law. "For issues not unique to patent law, [the Federal Circuit] appl[ies] the law of the regional circuit in which [the case] would otherwise lie." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 841 (Fed. Cir. 2010). Courts in the Eastern District of Virginia have frequently dismissed patent infringement complaints for failing to meet the pleading standard of Federal Rule of Civil Procedure (8)(a)(2) as articulated by the Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g., Macronix Intern. Co., Ltd. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014); *Asghari-Kamrani v. United Servs. Auto. Ass'n*, Civil No. 2:15cv478, 2016 WL 1253533, at *3–4 (E.D. Va. Mar. 22, 2016).

Subsequent to the abrogation of Form 18 of the Federal Rules of Civil Procedure, all patent complaints filed after December 1, 2015, are subject to the normal pleading standards of Federal Rule of Civil Procedure 8(a).[3] *See* Order Amending Fed. R. Civ. P. (U.S. Apr. 29, 2015).

## III. ANALYSIS

In his inartfully drafted Complaint, Plaintiff does little more than recite the elements of direct infringement, contributory infringement, inducement of infringement, and willful infringement in alleging that LogicMark's products somehow infringe his four patents. Because each of the ten counts in the Complaint is nearly identical—merely stating various combinations of the allegedly infringing products and Jenkins's patents— the Court will address the sufficiency of the claims themselves instead of analyzing each count.

### a. Direct Infringement

The standards enumerated by the Supreme Court in *Iqbal* and *Twombly* are strictly applied in direct patent infringement cases. *See Macronix Int'l Co., Ltd. v. Spansion Inc.*, 4 F. Supp. 3d 797, 803 (E.D. Va. 2014) ("[T]o exempt patent complaints from the requirements of *Twombly* and *Iqbal* is to ignore a fundamental rationale that underpins those decisions."). These guidelines "require counsel to focus complaints only on viable claims. Thus, before filing a complaint, counsel must ascertain *exactly what claims should [be] alleged to be infringed and how they are infringed.*" *Id.* (emphasis added).

---

[3] Plaintiff, who is represented by counsel, was seemingly unaware of this abrogation. In fact, Plaintiff specifically cited to Form 18—and pertinent case law— to support the sufficiency of his Complaint. (*See* Resp. to Mot. to Dismiss 7–8, ECF No. 9.)

The Court finds that Plaintiff's allegations of direct infringement are entirely deficient to satisfy the pleading standard of Federal Rule of Civil Procedure 8(a)(2) for at least three reasons.

First, Jenkins has failed to identify which specific patent claims are alleged to be infringed. Instead, each count merely alleges that LogicMark infringes "one or more of the claims of the [asserted] patent." (Compl. ¶¶ 20, 29, 38, 47, 56, 65, 74, 83, 92, and 101.) Without more, LogicMark is unable to defend itself properly as it would be forced to gaze into a crystal ball in order to discern which of the many claims of the asserted patents its products allegedly infringe. As another trial court has found under similar circumstances, a Complaint such as this that "fail[s] to identify with sufficient particularity how each allegedly infringing feature of [the accused product] infringes the patent" is woefully inadequate. *Asghari-Kamrani v. United Servs. Auto. Ass'n*, Civil No. 2:15cv478, 2016 WL 1253533, at *4 (E.D. Va. Mar. 22, 2016).[4]

Second, Jenkins fails to specify which features of LogicMark's products correspond to the limitations of any claims in the identified patents. Rather, Plaintiff merely recites several "exemplary" claims from his four patents and gives a general overview of Defendant's allegedly infringing products. This is clearly deficient. Without more, LogicMark is entirely unable to properly defend itself. *See id.* at *3.

---

[4] Plaintiff is incorrect in his claim that the *Asghari-Kamrani* court dismissed the Complaint "because the patent was invalid," rather than due to the deficiency of the pleading. (Resp. to Mot. to Dismiss 9–10.) A quick search reveals that Plaintiff is citing to a subsequent opinion in the same case—*after* the court allowed Plaintiffs to amend their Complaint—instead of the one quoted above. *See Asghari-Kamrani v. United Services Automobile Association*, Civil No. 2:15cv478, 2016 WL 3670804 (E.D. Va. July 5, 2016).

6

And third, Jenkins does not identify with any particularity *how* each allegedly infringing feature of the accused products infringes any of the named patents, either literally or under the doctrine of equivalents.

In sum, Plaintiff has provided LogicMark with no basis to defend itself against these claims for direct infringement. Jenkins tacitly admits this in his Response to the present Motion, stating that he "has prepared claim charts before filing suit, and is willing to provide Defendant with the claim charts, should Defendant so request." (Resp. to Mot. to Dismiss 5, ECF No. 9.) While such dilatory tactics may have been permissible under Form 18 pleading, they are clearly impermissible since its abrogation.

Consequently, Plaintiff's claims for direct infringement must be dismissed.

### b. Contributory Infringement

Congress defined liability for contributory patent infringement in 35 U.S.C. § 271(c):

> Whoever offers to sell or sells within the United States . . . a component of a patented machine, manufacture, combination or composition, or a material or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

The Federal Circuit has held that "there can be no . . . contributory infringement without an underlying act of direct infringement." *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) (citation omitted); *see also Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise

7

in the presence of direct infringement, though the direct infringer is typically someone other than the defendant accused of indirect infringement."); *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement.").

Additionally, Plaintiff "must [also] show that [D]efendant knew that the combination for which its components were especially made was both patented and infringing and that [D]efendant's components have no substantial non-infringing uses." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (citations and internal quotation marks omitted).

For the reasons stated above, the Court finds that Plaintiff has failed to properly allege any act of direct infringement.[5] *See supra* Part III.A. Additionally, Plaintiff has provided nothing in the way of facts to support his claims for contributory infringement. Instead, he merely recites the basic elements of the cause of action, stating that "LogicMark has contributed to the infringement of the [asserted] patent through its activities which contribute to devices, systems and/or methods which infringe the devices, systems and/or methods claimed in the [asserted] patent." (Compl. ¶¶ 23, 32, 41, 50, 59, 68, 77, 86, 95, and 104.)

---

[5] While Plaintiff is correct in his assertion that "a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists," (Resp. to Mot. to Dismiss 13), he has plead no such facts. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1318 (Fed. Cir. 2009).

This is not enough to satisfy the pleading standards announced in *Twombly* and *Iqbal*. Therefore, the Court will dismiss Jenkins's claims of contributory infringement without prejudice.

### c. Induced Infringement

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Like contributory infringement, "inducement liability may arise 'if, [and] only if, [there is] . . . direct infringement.'" *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 134 S. Ct. 2111, 2117 (2014) (quoting *Afro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961)).

The Supreme Court has held that liability for induced infringement "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." (citations omitted)).

Like his allegations of contributory infringement, *see supra* Part III.B, Jenkins has merely provided a formulaic recitation of the elements of induced infringement. Plaintiff states in each of his ten counts that "LogicMark has induced and continues to induce others to infringe one or more of the claims of the [asserted] patent, through sales of infringing products which are resold and through the sale of infringing products which are used in an infringing manner to infringe one or more of the claims of the [asserted]

9

patent, and/or which are used and/or can be used in a method which infringes the method claims of the [asserted] patent." (Compl. ¶¶ 21, 30, 39, 48, 57, 66, 75, 84, 93, and 103.)

This is exactly the type of "formulaic recitation of the elements of a cause of action" proscribed by the Supreme Court in *Twombly*, 550 U.S. at 555. Plaintiff has alleged no facts to support his claims of induced infringement and has given the Court no justification for drawing any inference that LogicMark is somehow liable. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Additionally, for the reasons discussed above, Plaintiff has utterly failed to allege any facts to support his assertions that LogicMark's products directly infringe upon his four patents. *See supra* Part III.A; *see also supra* n.5.

Either of these deficiencies alone is sufficient to warrant dismissal. Consequently, Plaintiff's claims of induced infringement must be dismissed.

### d. Willful Infringement

The Supreme Court recently held that "the award of enhanced damages" for willful patent infringement is limited to "egregious cases of misconduct beyond typical infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). Therefore, the Court finds that, at a minimum, plaintiffs alleging willful infringement must plead facts sufficient to support an inference "plausible on its face" that the alleged conduct is of the egregious nature described in *Halo Electronics*. *See Twombly*, 550 U.S. at 570.

Plaintiff claims that he properly plead willful infringement because "he uses the exact same language that this Court found to be sufficient to allege willful infringement

in *Macronix*: 'with full knowledge.'" (Resp. 15.) The entirety of Jenkins's claims of willful infringement consists of his assertions that "Defendant has been aware of Plaintiff's rights in the patents in suit and of Plaintiff's intent to enforce those rights[;] Defendant has, with full knowledge of those rights, willfully proceeded to infringe, in disregard of Plaintiff's rights[; and] Plaintiff is entitled to enhanced damages under 35 U.S.C. § 284." (Compl. ¶¶ 20, 29, 38, 47, 56, 65, 74, 83, 92, and 101.)

The Court finds that this mere recitation of elements fails to meet the mark. At no point in the Complaint does Jenkins allege facts from which the Court could infer that LogicMark had actual notice of the patents-in-suit or that Defendant's actions were "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs.*, 136 S. Ct. at 1932. Instead, he merely makes naked accusations devoid of any details to warrant their plausibility.

As for Plaintiff's arguments that similar statements were found to be adequate to state a claim for willful infringement in *Macronix*, the Court holds that what may have been sufficient pre-*Halo Electronics* is no longer so. Other district courts have reached a similar conclusion. *See, e.g., Varian Med. Sys., Inc. v. Elekta AB*, Civil Action No. 15-871, 2016 WL 3748772, at *8 (D. Del. July 12, 2016) (dismissing a Complaint for failing to state facts to support an accusation that the Defendants' actions "actually amounted to an egregious case of infringement of the patent").

Therefore, the Court finds that Plaintiff has failed to state a claim for willful infringement.

## IV. PLAINTIFF'S REQUEST TO FILE AN AMENDED COMPLAINT

At the end of his Response to Defendant's Motion to Dismiss, Jenkins requests that he be allowed to file an Amended Complaint as an alternative to dismissal "should the Court believe that additional pleading would be required or simply helpful." (Resp. to Mot. to Dismiss 16.)

Of course, this request does not constitute a formal motion pursuant to Federal Rule of Civil Procedure 15(a)(2) and is not in accordance with the local rules of this Court. Nevertheless, because the Court will dismiss this case without prejudice, Plaintiff is free to re-file this action should he choose to do so.

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss will be GRANTED. (ECF No. 7.)

The Court will DISMISS Plaintiff's Complaint WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

Additionally, due to the blatant deficiencies in Plaintiff's Complaint and the numerous misstatements of law in his Response, the Court will entertain any motions for sanctions that Defendant wishes to file within ten (10) days of the date of entry hereof.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to all counsel of record.

/s/
Henry E. Hudson
United States District Judge

Date: Jan 25 2017
Richmond, VA