**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |
|---|---|
| NEVIN JENKINS<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LOGICMARK, LLC<br><br>　　　　　　Defendant. | Civil Action No. 3:16-CV-00751-HEH |

<u>**MEMORANDUM OF LAW IN SUPPORT OF LOGICMARK, LLC'S**</u>
<u>**MOTION FOR SANCTIONS**</u>

## TABLE OF CONTENTS

I.    BACKGROUND STATEMENT OF FACTS ("SOF") ....................................................... 1

II.   LEGAL STANDARDS ................................................................................................ 5

III.  ARGUMENT ............................................................................................................. 6

    A.  Sanctions Are Warranted ...................................................................................... 6

         1.    Plaintiff and/or his counsel failed to investigate the factual and legal bases
            asserted by Plaintiff in his pleadings ..................................................... 6

         2.    Plaintiff and/or his counsel misrepresented factual and legal issues related to
            Plaintiff's pleadings ............................................................................. 8

         3.    Plaintiff Unreasonably and Vexatiously Multiplied These Proceedings............... 9

    B.  Reasonable Attorney's Fees Are a Proper Sanction ................................................... 11

IV.  CONCLUSION.......................................................................................................... 11

Pursuant to the Court's Order [ECF No. 30] Granting Defendant LogicMark, LLC's ("LogicMark's") Motion to Dismiss and without waiving any of Defendant's counterclaims, Defendant, by and through counsel, hereby moves this Court to impose sanctions on Plaintiff and/or his counsel for failure to investigate the factual and legal bases asserted by Plaintiff in his pleadings, for misrepresenting factual and legal issues related to his pleadings, and for unreasonably and vexatiously multiplying the proceedings in this case.  The Court should award attorneys' fees sufficient to compensate for the costs associated with at least (1) Defendant's Motion to Dismiss, (2) Defendant's Opposition to the Motion for Leave to Amend Plaintiff's Complaint and (3) the canceled mediation requested by Plaintiff.

## I.   BACKGROUND STATEMENT OF FACTS ("SOF")

1.   Plaintiff filed his Complaint for Patent Infringement ("the Complaint") on September 9, 2016, and served the Complaint on or about October 8, 2016.

2.   The Complaint included allegations of patent infringement of four U.S. Patents, i.e., U.S. Patent Nos. RE41,845 ("the '845 patent"), RE41,392 ("the '392 patent"), 7,933,579 ("the '579 patent"), and U.S. Patent No. 8,548,422 ("the '422 patent").

3.   On November 21, 2016, Defendant filed its Motion to Dismiss for Failure to State a Claim.  Thus, by no later than that date, Plaintiff and his counsel were on notice of the deficiency of the Complaint.

4.   On December 2, 2016, Plaintiff, through his counsel, nonetheless filed an Opposition to the Motion to Dismiss, alleging sufficiency of the Complaint and citing outdated

precedent from before the *Iqbal* and *Twombly* precedent followed by this Court, and prior to the abrogation of Form 18 in December 2015.

5.      On December 6, 2016, this Court issued a Pretrial Schedule requiring Defendant to Answer on December 21, 2016, and setting the dates for the submission of a discovery plan. As part of the discussions relating to the discovery plan, on December 13, 2016, Defendant provided to Plaintiff's counsel (under an Attorney's Eyes Only designation) documents showing that Defendant is no longer in the emergency response pendant business.

6.      On December 20, 2016, Plaintiff nonetheless filed a Motion for Leave to Amend Complaint to Add Defendants with a proposed Amended Complaint.  The proposed Amended Complaint did not include any additional facts to overcome the deficiencies identified in Defendant's Motion to Dismiss for Failure to State a Claim.

7.      The proposed Amended Complaint contained all of the same facts about Defendant's business including facts that it knew or should have known after a reasonable investigation were not true.

8.      On December 21, 2016, Defendant filed its Answer and Counterclaims and its Discovery Plan.

9.      On January 3, 2017, Defendant filed its Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint to Add Defendants, and on January 4, 2017, Plaintiff withdrew his Motion for Leave to Amend and Plaintiff's counsel informed Defendant's counsel that Plaintiff was dropping Count X of the Complaint.

10.      The Complaint (at 2) alleges:

6. Defendant is currently engaged in making, using, offering for sale and selling, products which infringe claims of the '422 patent throughout the United States, including sales within this judicial district. Defendant is also inducing others to sell and use and contributing to the sale of infringing products. Defendant is also practicing methods and inducing others to practice methods which infringe claims of the '422 patent.

11. The Complaint (at 3) further alleges:

10. LogicMark manufactures and distributes nationwide, personal emergency communication systems known as Guardian Alert, Freedom Alert, and Life Sentry (the "Accused Products").

The Complaint also alleges in each of paragraphs 3-5 that "Defendant *is currently engaged* in *making, using, offering for sale and selling, products* which infringe claims of the" other asserted patents in the Complaint. Paragraph 7 of the Complaint further alleges "Defendant is domestic corporation with a principal place of business in Virginia, and *sells* accused products in this Judicial District and *operates systems* within this judicial district and has conducted substantial business with Plaintiff in this judicial district directly related to the activity of infringement and the subject matter of this lawsuit." The Complaint similarly alleges; "17. LogicMark manufactures, maintains, sells and distributes nationwide, a personal emergency communication systems known as Guardian Alert"; "18. LogicMark also manufactures, maintains, sells and distributes nationwide, a personal emergency communication system known as Life Sentry"; "19. Logic Mark also manufactures, maintains, sells and distributes nationwide, a personal

-3-

emergency communication system known as Freedom Alert."  See also accusations of current infringement and current inducement to infringe in paragraphs 20-22, 25, 29-31, 34, 38-40, 43, 47-49, 52, 56-58, 61, 65-67, 70, 74-76, 79, 83-85, 88, 92-94, and 97.

12.     Count X of the Complaint (at 30-31) relates to the alleged patent infringement of the '422 patent by the Life Sentry System.  Count X includes paragraph 101 which alleges:

> 101. Logic Mark has infringed and continues to infringe one or more of the claims of the '422 patent by: (i) making, using, selling and/or offering for sale, devices and/or systems which infringe the claims of the '422 Patent; (ii) practicing methods which infringe one or more of the claims of the '422 Patent; (iii) contributing to the manufacture, use and/or sale of devices and/or systems which infringe the claims of the '422 Patent; (iv) inducing the use and/or sale of devices and/or systems which infringe the claims of the '422 Patent; (v) contributing to the practicing of methods which infringe the claims of the '422 Patent and/or (vi) inducing the practicing of methods which infringe the claims of the '422 Patent, through the activities of LogicMark in connection with Life SEntry, including the activities described above.

13.     The '422 patent issued on October 1, 2013.

14.     Paragraphs 9 and 10 of Defendant's counterclaims state "9. Defendant has not been in the emergency pendant business since before January 1, 2012" and "10.  Defendant has not made, used, sold, offered for sale or imported any of the Accused Products since before January 1, 2012."  Defendant's Answer and Counterclaims [ECF No. 15] at 25.

-4-

15. Although Plaintiff indicates that it denies those facts, Plaintiff now admits that with respect to both of those facts "Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph and therefore denies the same."

16. As seen in Exhibit C, on information and belief, Plaintiff was informed in January, 2012 that Defendant sold its emergency pendant business.

17. Plaintiff's FRCP Rule 26(a)(1) Initial Disclosures (Exhibit A) do not identify a single witness with knowledge of the facts of the case or discoverable information other than the Plaintiff himself, does not identify or provide a single document that supports its causes of action or defenses, and does not provide a computation of damages or identify a single basis or document supporting its damages theory.

18. Exhibit D is a true and accurate copy of LogicMark invoices 1685 and 1748 and a summary page showing attorney's fees incurred through January 31, 2017 relating to the Motion to Dismiss (and Defendant's Rebuttal), Defendant's Opposition to the Motion to Amend and the canceled mediation.

## II. LEGAL STANDARDS

Rule 11(c)(3) of the Federal Rules of Civil Procedure provides "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."  Furthermore, 28 U.S.C. 1927 provides "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

## III.   ARGUMENT

### A.   Sanctions Are Warranted

Sanctions are warranted against Plaintiff and/or his counsel for (1) failing to investigate the factual and legal bases asserted by Plaintiff in his pleadings, (2) misrepresenting factual and legal issues related to his pleadings, and (3) unreasonably and vexatiously multiplying the proceedings in this case.  The Court should award attorneys' fees sufficient to compensate for the costs associated with Defendant's Motion to Dismiss, Opposition to the Motion for Leave to Amend Plaintiff's Complaint and the canceled mediation requested by Plaintiff.

#### 1.   Plaintiff and/or his counsel failed to investigate the factual and legal bases asserted by Plaintiff in his pleadings

Plaintiff and/or his counsel failed to investigate the factual and legal bases asserted by Plaintiff in his pleadings as evidenced by the Complaint's reliance on Form 18 pleadings and/or improper notice pleading.  In deciding Defendant's Motion, this Court held that "Subsequent to the abrogation of Form 18 of the Federal Rules of Civil Procedure, all patent complaints filed after December 1, 2015, are subject to the normal pleading standards of Federal Rule of Civil Procedure 8(a)." Memorandum [ECF No. 29] at 5.  This Court further held that "a Complaint such as this that 'fail[s] to identify with sufficient particularity how each allegedly infringing feature of [the accused product] infringes the patent is woefully inadequate" (Memorandum at 6),

-6-

and cited to *Asghari-Kamrani v. United Servs. Auto. Ass'n*, Civil No. 2:15cv478, 2016 WL 1253533, at *4 (E.D. Va. Mar. 22, 2016).  This Court noted in footnote 4 that:

> Plaintiff is incorrect in his claim that the *Asghari-Kamrani* court dismissed the Complaint "because the patent was invalid," rather than due to the deficiency of the pleading. (Resp. to Mot. to Dismiss 9-10.)  A quick search reveals that Plaintiff is citing to a subsequent opinion in the same case—after the court allowed Plaintiffs to amend their Complaint—instead of the one quoted above. See *Asghari-Kamrani v. United Services Automobile Association*, Civil No. 2:15cv478, 2016 WL 3670804 (E.D. Va. July 5, 2016).

To the extent that Plaintiff attempts to place the blame for the incorrect citation on Defendant's counsel, such an attempt is misplaced.  Plaintiff's counsel contacted Defendant's counsel the day after Thanksgiving and indicated that he did not have a copy of the cited case and that it was Defendant's responsibility to provide a copy of the case as it was not publicly available.  Exhibit B at 5-6.  Defendant's counsel pointed out he had no such responsibility, and that it was publicly available on Westlaw, but Defendant's counsel forwarded what he believed to be the correct decision.  Exhibit B at 5-6.  Plaintiff's counsel should have realized the incorrect decision was attached as it did not include the cited quote (at 2) and either requested the correct copy or pulled the case from Westlaw directly.  After reviewing Plaintiff's opposition, Defendant's counsel contacted Plaintiff's counsel to identify the mistake as there was still time to file a corrected brief.  Exhibit B at 1 ("I inadvertently attached the wrong Asghari-Kamrani decision as should have been evident from the fact that the quotation in our brief did not match the copy of the decision that I provided. I'm sorry for the confusion and wanted to bring it to

your attention as it is still possible to file a corrected opposition."). Rather than filing a corrected brief, Plaintiff's counsel ignored the incorrect citation telling Defendant's counsel "We see no need to file a corrected opposition because you sent us the wrong case." Exhibit B at 1.

Moreover, even after Plaintiff's counsel was informed of the correct standard for pleading patent infringement, Plaintiff filed a Motion for Leave to File an Amended Complaint [ECF No. 16] using the same notice pleading standard and pleading under abrogated Form 18 that the Court found to be deficient in the original Complaint.

Plaintiff and/or his counsel must also have failed to investigate the factual bases asserted by Plaintiff in this Complaint as Plaintiff's FRCP Rule 26(a)(1) Initial Disclosures (Exhibit A) do not identify a single witness with knowledge of the facts of the case or discoverable information other than the Plaintiff himself, does not identify or provide a single document that supports its causes of action or defenses, and does not provide a computation of damages or identify a single basis or document supporting its damages theory.

Thus, Plaintiff and/or his counsel has continued to fail to investigate the factual and legal bases asserted by Plaintiff in his pleadings, and such conduct is sanctionable.

### 2.     Plaintiff and/or his counsel misrepresented factual and legal issues related to Plaintiff's pleadings

Defendant has not been in the emergency pendant business since before January 1, 2012 and has not made, used, sold, offered for sale or imported any of the Accused Products since before January 1, 2012. SOF 14. Nonetheless, Plaintiff's Complaint misrepresents that "LogicMark manufactures and distributes nationwide, personal emergency communication

systems known as Guardian Alert, Freedom Alert, and Life Sentry (the ''Accused Products')."
SOF 11.

Moreover, on information and belief, Plaintiff was aware by at least early January, 2012 that Defendant was no longer in the emergency pendant business.  SOF 16 and Exhibit C. Indeed, Plaintiff will no longer go on record as alleging that Defendant was in the business at the time the '422 patent issued.  Instead, when faced with the facts that "Defendant has not been in the emergency pendant business since before January 1, 2012" and "Defendant has not made, used, sold, offered for sale or imported any of the Accused Products since before January 1, 2012," Plaintiff now alleges "Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in [these] paragraph[s] and therefore denies the same."  SOF 15.

### 3.    Plaintiff Unreasonably and Vexatiously Multiplied These Proceedings

Section 1927 of 28 U.S.C. provides that "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Plaintiff has unreasonably and vexatiously multiplied these proceedings by (1) alleging patent infringement of a patent that did not even issue until after Defendant was no longer in the business of making, using or selling the Accused Products and (2) by filing and withdrawing a Motion for Leave to Amend that had no chance of being granted. Thus, Plaintiff's

-9-

attorneys should be personally required to pay the excess costs, expenses, and attorneys' fees reasonably incurred in filing the Motion to Dismiss and the Opposition to the Motion to Amend.

As discussed above, Defendant has not been in the emergency pendant business since before January 1, 2012 and has not made, used, sold, offered for sale or imported any of the Accused Products since before January 1, 2012. SOF 14.  Nonetheless, Plaintiff's Complaint alleges infringement of the '422 patent despite the fact that the '422 patent did not issue until October 1, 2013 -- almost two years after Defendant stopped being in the emergency pendant business.  Moreover, Plaintiff was aware by at least early January 2012 that Defendant was no longer in the emergency pendant business.  SOF 16.  Indeed,  Plaintiff will no longer go on record as alleging that Defendant was in the business at the time the '422 patent issued.  Instead, when faced with the facts that "Defendant has not been in the emergency pendant business since before January 1, 2012" and "Defendant has not made, used, sold, offered for sale or imported any of the Accused Products since before January 1, 2012,"  Plaintiff now alleges "Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in [these] paragraph[s] and therefore denies the same."  SOF 15.

Plaintiff's attempt to avoid liability for his unsupported allegation of infringement of the '422 patent by filing a Notice of Withdrawal of Count X of the Complaint - Infringement of the '422 Patent [ECF No. 28] is also without effect.  As noted in the Court's Memorandum, "Since Plaintiff cannot unilaterally withdraw a portion of his Complaint at this stage of litigation, the Court will consider Count X in this Memorandum Opinion."  Memorandum at 2.  Thus, the inclusion of allegations of infringement of the '422 patent are sanctionable.

Plaintiff also filed and withdrew a Motion for Leave to Amend [ECF No. 16] including a Redline Amended Complaint. As can be seen from the Redline Amended Complaint, each of the omissions cited by the Court in its Memorandum with respect to the original complaint is equally present in the Redline Amended Complaint. Having put Defendant through the time and expense of responding to the Motion, Plaintiff withdrew the Motion the day after Defendant's Opposition was filed. Such behavior only served as harassment of Defendant that unreasonably and vexatiously increased the costs of this proceeding and is therefore sanctionable.

### B.    Reasonable Attorney's Fees Are a Proper Sanction

Both Rule 11 and 28 U.S.C. 1927 provide that reasonable attorney's fees are a proper sanction to try to deter repetition of conduct such as described above. An accounting to-date of attorney's fees for the Motion to Dismiss (and its Reply) and the Opposition to the Motion for Leave to Amend shows that a reasonable sanction against Plaintiff and/or his counsel is $23,078.38. In addition, because Plaintiff sought an early mediation to this matter rather than either dismissing the Complaint or waiting for a ruling on the Motion to Dismiss, the reasonable costs incurred in preparing for the mediation should also be assessed against Plaintiff and/or his counsel. An accounting of attorney's fees for the preparation for the mediation shows that a reasonable additional sanction against Plaintiff and/or his counsel is $8,270.00.

### IV.    CONCLUSION

Plaintiff Nevin Jenkin's and/or his counsel should be sanctioned "due to the blatant deficiencies in Plaintiffs Complaint and the numerous misstatements of law in his Response"

-11-

(Memorandum at 12), in an amount sufficient to "deter repetition of the conduct or comparable conduct by others similarly situated" including payment to Defendant for reasonable attorney's fees and other expenses directly resulting from the violation, including, but at the Court's discretion not limited to, Defendant's reasonable attorney's fees and other expenses required to prepare and file the Motion to Dismiss (and Defendant's Rebuttal) and the Opposition to the Motion for Leave to Amend as well as the attorney's fees for the preparation for the canceled mediation.

This 6th day of February, 2017

Respectfully submitted,

/s/ Michael R, Casey
Michael R. Casey
Virginia Bar No. 43919
mcasey@dbjg.com
Gregory A. Krauss
Virginia Bar No. 84839
gkrauss@dbjg.com
**DAVIDSON BERQUIST JACKSON & GOWDEY, LLP**
8300 Greensboro Dr., Suite 500
McLean, Virginia 22102
Telephone: (571) 765-7700
Facsimile: (571) 765-7200

***Attorneys for Defendant LogicMark, LLC***

-12-

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of February, 2017, I will electronically file the foregoing MEMORANDUM OF LAW IN SUPPORT OF LOGICMARK, LLC'S MOTION FOR SANCTIONS with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Rebecca Stempien Coyle<br>Levy & Grandinetti<br>1120 Connecticut Ave., NW, Suite 304<br>Washington, D.C. 20036<br>Tel. (202) 429-4560<br>mail@levygrandinetti.com<br>*Attorney for Plaintiff* | Luiz Felipe Oliveira (loliveira@dnlzito.com)<br>DNL ZITO<br>1250 Connecticut Ave., N.W., Suite 200<br>Washington, D.C. 20036<br>*Attorney for Plaintiff* |

The foregoing pleading will also be emailed to:

Joseph J. Zito (jzito@dnlzito.com)
DNL ZITO
1250 Connecticut Ave., N.W., Suite 200
Washington, D.C. 20036
Tel: 202-466-3500
*Attorney for Plaintiff*

/s/ Michael R, Casey
Michael R. Casey
Virginia Bar No. 43919
mcasey@dbjg.com
Gregory A. Krauss
Virginia Bar No. 84839
gkrauss@dbjg.com
DAVIDSON BERQUIST JACKSON &
GOWDEY, LLP
8300 Greensboro Dr., Suite 500
McLean, Virginia 22102
Telephone: (571) 765-7700
Facsimile: (571) 765-7200

Attorneys for Defendant LogicMark, LLC

-13-